Filed 1/27/22  County of Santa Barbara v. American Surety Co. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| COUNTY OF SANTA BARBARA,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>AMERICAN SURETY COMPANY,<br><br>  Defendant and Appellant. | 2d Civil No. B309245<br>(Super. Ct. No. 20CV02315)<br>(Santa Barbara County) |

American Surety Company (American Surety) appeals entry of summary judgment on the forfeiture of a bail bond. American Surety contends Emergency rule 9 of the "Judicial Council's Emergency Rules Related to COVID-19" (Cal. Rules of Court, Appx., Emergency rule 9) tolled the time in which it could move to set aside the forfeiture under Penal Code section 1305,

subdivision (a)[1], rendering judgment premature under these circumstances.

Our colleagues in Division 1 of the Fourth Appellate District thoroughly discussed and resolved this issue in *People v. Financial Casualty & Surety* (Dec. 21, 2021, D078294) __ Cal.App.5th __ [2021 Cal.App. Lexis 1072].)  As Justice Haller stated, "The plainly intended meaning of Emergency rule 9 is that statutes of limitation and repose for pleadings commencing civil causes of action—*not deadlines for filing motions asserting defenses*—are temporarily tolled." (*Id.*, at p. *11, italics added.) We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The Santa Barbara County District Attorney charged Angel Campuzano with felony child molestation in 2017.[2]  Campuzano pleaded not guilty on all counts and the trial court set bail at $250,000.  American Surety posted a bond for his release from custody.  The trial court ordered the bond forfeited when Campuzano failed to appear at his felony settlement conference. The clerk mailed notice to his bail bondsman and American Surety in October of 2019.  Neither moved to set aside the forfeiture within the statutory period to do so.  (§ 1305.) Respondent County of Santa Barbara filed the civil forfeiture action from which this appeal arises.  The trial court entered summary judgment against American Surety in July of 2020. (§ 1306.)

---

[1] We cite the Penal Code unless noted otherwise.

[2] Superior Court, County of Santa Barbara case no. 17CR11845.

The forfeiture proceedings coincided with California's initial COVID-19 outbreak and the Judicial Council's adopting of emergency rules in April 2020. American Surety moved to set aside summary judgment pursuant to Emergency rule 9, which tolled certain civil causes of action for a period of six months.[3] The trial court determined the rule did not apply under the circumstances and denied the motion. American Surety appealed. We affirm.

DISCUSSION

"[A] bail bond is a contract between the surety and the government whereby the surety acts as a guarantor of the defendant's appearance in court under the risk of forfeiture of the bond." (*People v. Ranger Ins. Co.* (1994) 31 Cal.App.4th 13, 22.) A court must declare bail forfeited if the defendant fails to appear as required. (§ 1305, subd. (a).) The surety is not without remedy. A 180-day "appearance period" follows in which it can move to set aside forfeiture on certain grounds, such as the defendant appearing in court or the bail agent surrendering him into custody. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 658, citing § 1305, subd. (c).) The surety may also request an extension of the appearance period for good

---

[3] Emergency rule 9(a), as amended on May 29, 2021, states: "Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020." Emergency rule 9(b) applies to shorter limitations periods. It states: "Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that are 180 days or less are tolled from April 6, 2020, until August 3, 2020." Our holding obviates the need to resolve which applies here.

cause.  (§ 1305.4.)  The trial court must enter summary judgment against the surety in the amount of the bail bond, plus costs, if the appearance period elapses without the forfeiture being set aside.  (§ 1306, subd. (a).)  American Surety appeals judgment entered in this manner.  (See *People v. International Fidelity Ins. Co.* (2012) 204 Cal.App.4th 588, 592 [order denying a motion to vacate summary judgment is appealable].)

American Surety does not assert the trial court conducted the forfeiture proceedings improperly.  Rather, it contends Emergency rule 9 provided a blanket extension to sureties such as itself whose appearance periods were set to expire during the rule's tolling period, i.e., April 6, 2020, and October 1, 2020.  The parties do not dispute the facts underlying forfeiture and entry of summary judgment below.  As such, we review Emergency rule 9 independently.  (*In re M.P.* (2020) 52 Cal.App.5th 1013, 1020.)

Emergency rule 9 is expressly limited to "civil causes of action."  This language alone precludes us from adopting American Surety's expansive interpretation.  A cause of action "arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests.  'Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term . . . .'" (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797-798, quoting *McKee v. Dodd* (1908) 152 Cal. 637, 641.)  The bail forfeiture statutes afforded American Surety due process prior to entry of judgment, not an antecedent primary right of its own. (*People v. Surety Ins. Co.* (1978) 82 Cal.App.3d 229, 240.)  The surety's posture here is responsive.  (See *People v. American Surety Co.* (2019) 31 Cal.App.5th 380, 389, quoting *Chas. F.*

4

*Harper Co. v. DeWitt etc. Co.* (1938) 10 Cal.2d 467, 469 [surety is "'a party to the action for the limited purpose of giving the court jurisdiction to render and enforce a judgment'"].)

The rule's official comments likewise exclude motions or other ancillary filings in a pending action. "Emergency Rule 9 is intended to apply broadly to toll any statute of limitations on the filing of *a pleading* in court asserting a civil cause of action." (Jud. Council of Cal., Advisory Com. Comment to Emergency Rule 9, Emergency Rules Related to COVID-19, italics omitted.)[4]

### DISPOSITION

The trial court properly denied the motion to set aside summary judgment. Judgment is affirmed. Respondent shall recover its costs.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

---

[4] We grant respondent's August 2, 2021, request for judicial notice of Circulating Order Memorandum to the Judicial Council Number CO-20-09 relating to Emergency rule 9. (Evid. Code, §§ 451, subd. (c), 452, subds. (d)(1) & (e)(1).)

5

James F. Rigali, Judge
Superior Court County of Santa Barbara

_____

Law Office of John Rorabaugh, John M. Rorabaugh and Crystal L. Rorabaugh, for Defendant and Appellant.

Rachel Van Mullem, County Counsel, and Maria Salido Novatt, Senior Deputy County Counsel, for Plaintiff and Respondent.